Everett DeCarl SMITH, Jr., et al.,
Appellees,
and
United States of America, Intervenor-
Appellee,

v.

**NORTH CAROLINA STATE BOARD OF
EDUCATION et al., Appellants.**

No. 15072.

United States Court of Appeals,
Fourth Circuit.

Argued June 10, 1971.

Decided June 14, 1971.

Ralph Moody, Deputy Atty. Gen. of North Carolina (Robert B. Morgan, Atty. Gen., and Andrew A. Vanore, Jr., Asst. Atty. Gen., on the brief), for appellants.

Adam Stein, Charlotte, N. C. (J. LeVonne Chambers and Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., Conrad O. Pearson, Durham, N. C., Jack Greenberg, James M. Nabrit, III, and Norman Chachkin, New York City, on the brief), for appellees.

Brian K. Landsberg, Atty., Dept. of Justice. (Jerris Leonard, Asst. Atty. Gen., David L. Norman, Deputy Asst. Atty. Gen., and Robert Dempsey, Atty., Dept. of Justice, Warren H. Coolidge, U. S. Atty. for the Eastern District of North Carolina, on the brief), for intervenor-appellee.

Before HAYNSWORTH, Chief Judge, BOREMAN, BRYAN, WINTER, CRAVEN, BUTZNER and RUSSELL, Circuit Judges, sitting en banc.

PER CURIAM:

We agree with the district court that the North Carolina State Board of Education, the State Superintendent of Public Instruction, and the Controller of the State Board of Education are proper parties. But for reasons fully stated by Judge Craven in his order of July 31, 1970* staying portions of the order of the district court, those provisions of the order stayed by Judge Craven are now vacated.

Nothing in Judge Craven's order and nothing that we do today precludes the district court from:

(1) joining as defendants school boards that operate racially dual school systems over which the district court has territorial jurisdiction;

(2) enjoining the State Board of Education, the State Superintendent of Public Instruction, and the Controller of the State Board of Education from disbursing state funds to a school district if, after an evidentiary hearing, the court determines that (a) a school board has not complied with its obligation under the 14th amendment to desegregate the schools of its system and (b) the withholding of funds is shown to be an appropriate remedy.

Affirmed in part, vacated in part and remanded for further proceedings.

APPENDIX

CRAVEN, Circuit Judge:

This is a proceeding brought before the undersigned United States Circuit Judge to stay an order of the United States District Court for the Eastern District of North Carolina.

After consulting counsel and suggesting the convening of a panel of judges, and no such request having been made, I concluded that convening a panel of judges would be impracticable due to the requirements of time and would unduly delay the prosecution of the case on the merits, and have therefore proceeded to hear and determine the matter pursuant to Rule 8 of the Federal Rules of Appellate Procedure.

The North Carolina State Board of Education and its officials Dr. A. Craig Phillips and Mr. A. C. Davis seek to stay an order granting an interlocutory injunction requiring of them certain affirmative acts.

The complaint against these defendants is succinctly stated in paragraph 2 of the complaint. An injunction is sought to stop the defendants from their policy and practice of granting state aid and funds and resources to school districts which are segregated by race. In support of the gravamen of the complaint paragraph 5 of the complaint sets out the statutory powers of the North Carolina Board of Education. On its face the complaint seems to state a valid cause of action upon which relief could be granted.

I agree with the District Court that the defendants are proper parties and that the state's duty to effect a transition from a dual system of schools to a unitary non-racial school system "falls not only upon the local school boards, but also upon the State Board of Education and State Superintendent of Public Instruction." Godwin v. Johnston County Board of Education, 301 F.Supp. 1339, 1341 (E.D.N.C.1969).

Although it is clear that the defendants have much to do with public education in the state of North Carolina, it is not at all clear that they have anything to do with *school attendance plans* in the various school districts. No statute is called to my attention, and the Attorney General asserts there is none, that gives to these defendants any power or authority to prescribe school attendance plans for any school district. The responsibility for the assignment of children to the public schools has been that

---

* Judge Craven's order is set forth as an appendix to this opinion.

of local boards since at least 1951, and has been recognized in at least one prior decision of the United States Court of Appeals for the Fourth Circuit.

The Attorney General insists that the high state officers who are defendants in this suit are completely without authority to instruct local school boards with respect to pupil assignment and attendance plans and that such local school boards, being themselves elected officials, might lawfully disregard any such instructions. In view of the statutory structure and prior decisions of other federal courts in North Carolina and in the Fourth Circuit I believe there is a likelihood of this position prevailing on appeal. In my judgment the Attorney General's position is not a subterfuge intended to make more difficult the vindication of constitutional rights but is instead a genuine representation of state policy with respect to local government of the schools.

Now therefore the order of the United States District Judge is stayed pending appeal in these respects only:

1. These defendants shall be under no duty to issue instructions to the local elected school officials with respect to the preparation of plans for converting to unitary school systems.

2. These defendants are relieved of any duty to further instruct these school boards to request aid from the United States Office of Education and provide information to that office.

3. These defendants shall be under no duty to attempt with counsel for plaintiffs and counsel for the local school systems and officials of the local school systems to reach agreements on plans of integration.

Nothing contained herein shall be deemed to prevent these defendants from offering and the local school boards from receiving such assistance and cooperation as each may think appropriate within their respective areas of responsibility as established by state law. Nor shall the pendency of this appeal be deemed to prevent action in the District Court to join the local school boards as additional party defendants to the end that the court may require of them the submission of plans to terminate dual systems at once and operate only unitary school systems. * * *